01
02
03
04
05      UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
06                AT SEATTLE

07 MARK DARRYL NIENABER,            )   CASE NO.  C13-1216-RSM-MAT
                                    )
08      Plaintiff,                  )
                                    )
09      v.                          )   REPORT AND RECOMMENDATION
                                    )   RE: SOCIAL SECURITY DISABILITY
10 CAROLYN W. COLVIN, Acting        )   APPEAL
   Commissioner of Social Security, )
11                                  )
        Defendant.                  )
12 _____ )

13      Plaintiff Mark Darryl Nienaber proceeds through counsel in his appeal of a final

14 decision of the Commissioner of the Social Security Administration (Commissioner). The

15 Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and

16 Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge

17 (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

18 memoranda of record, the Court recommends that this matter be AFFIRMED.

19                          **FACTS AND PROCEDURAL HISTORY**

20      Plaintiff was born on XXXX, 1968.[1]  He has a GED.  (AR 44, 1379.)   He has past

21
_____
22      1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
   Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

relevant work as a ground keeper, small business operator and real estate sales agent.

Plaintiff filed an application for DIB on June 7, 2010[2] and for SSI benefits on October 27, 2009 and June 8, 2010, alleging disability beginning July 30, 2001. (AR 29.) He is insured for DIB through June 30, 2004. Plaintiff's applications were denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On February 7, 2011, ALJ M. J. Adams held a hearing, taking testimony from plaintiff, his mother, and a vocational expert. (AR 1373-1418.) On April 27, 2011, the ALJ issued a decision finding plaintiff not disabled from July 30, 2001 through the present. (AR 20-46.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on May 11, 2013 (AR 12-16), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had engaged in substantial gainful activity since the alleged onset date, with average monthly earnings of $1,416, as well as unreported earnings in subsequent years. (AR 31-32.) Noting

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

2 A claim for DIB and SSI originally filed in 2003 (AR 119-21) was denied when plaintiff failed to appear at the hearing (AR 901-15), but remanded for a new hearing by the Appeals Council (AR 924-25).

the existence of additional grounds for a "no disability" finding, the ALJ proceeded through the remaining steps of the sequential evaluation.

At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's lumbar and cervical degenerative disease status-post back surgeries, personality disorder, and drug and alcohol abuse severe. The ALJ found non-severe plaintiff's anxiety disorder and PTSD, mild cognitive disorder, bilateral pneumonia, and hepatitis C. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. Considering the effects of both severe and non-severe impairments, including drug abuse, the ALJ found plaintiff able to perform light work with additional mental limitations. Plaintiff has the mental capability to adequately perform the mental activities generally required by competitive, remunerative work. He can understand, remember and carry out simple one-to-two step instructions, as well as detailed or complex instructions required of jobs classified at SVP 1 and 2 or unskilled work, and also some jobs at SVP 3 and 4 semi-skilled level of work. Plaintiff would have an average ability to perform sustained work activities (i.e. can maintain attention and concentration, persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., eight hours a day, for five days a week, or an equivalent work schedule) within customary tolerances of employers' rules regarding sick leave and absence. He can make judgments on simple work-related decisions and detailed or complex work-related decisions required of jobs up to

the semi-skilled level.  He can respond appropriately to supervision and to co-workers, and deal with changes all within a stable work environment.   With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as small products assembler, electronics worker, and cashier. As a result, the ALJ found plaintiff to be "not disabled."

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ failed to consider the opinion of Dr. David Deutsch, a State agency medical consultant.  He also argues the Commissioner failed to properly develop the evidentiary record for this appeal by failing to include in the Administrative Record all of the records submitted by his representative to the Appeals Council.  He requests remand for further administrative proceedings.  The Commissioner argues that the ALJ's decision is

supported by substantial evidence, free of legal error, and should be affirmed.

<u>Evidence Submitted to Appeals Council</u>

In support of his Request for Review of Hearing Decision submitted to the Appeals Council, plaintiff's counsel submitted additional medical reports. (AR 23-23A; *see also* AR 12-16.) With the exception of records from SeaMar Community Health Center dated January 14, 2010 through March 10, 2011, the remaining medical records did not relate to a time period on or before the date of the ALJ's decision. The Appeals Council informed plaintiff that a consideration of his disability after April 27, 2011 required the filing of a new claim, and returned the records to him. (AR 13.)

Plaintiff claims that because the Administrative Record for this appeal does not include the late-dated medical records that were returned to him, the ALJ's duty to "fully and fairly develop the record" was violated. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and quoted sources omitted), and *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Plaintiff's argument is non-availing. The Commissioner argues, and plaintiff does not dispute, that the Appeals Council does not consider evidence which it finds to be unrelated to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.976(b)(1), 416.1476(b)(1):

In reviewing decisions based on an application for benefits, the Appeals Council

REPORT AND RECOMMENDATION
PAGE -5

will consider the evidence in the administrative law judge hearing record and any new and material evidence only if it relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.

*Id.* *See also* 20 C.F.R. §§ 404.970(b), 416.1470(b).

A reviewing Court may consider Appeals Council evidence not previously submitted to the ALJ if the evidence undermines the substantial evidence support for the ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Here, however, the Appeals Council indicated specifically that it had looked at, but not considered, the additional material dated after the ALJ's decision because the additional material "does not affect the decision about whether [plaintiff] w[as] disabled" on or before the date of the ALJ's decision. (AR 13.) The Appeals Council suggested that plaintiff could, instead, use the material to file a new claim. Because the Appeals Council did not consider the late-dated evidence, it is not properly considered by this Court. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (citing *Ramirez v. Shalala,* 8 F.3d 1449 (9th Cir. 1993)). Plaintiff, in sum, does not succeed in identifying error in the development of the administrative record.

Medical Consultant Opinion

Plaintiff argues the ALJ erred by failing to consider the opinion of DSHS medical consultant Dr. David Deutsch. Dr. Deutsch's opinion, in its entirety, consists of the following comment in the "Certification for Medicaid: GAX Decision" form completed on May 19, 2010:

> 42 yr old male with PTSD. Likely Cognitive D/O due to prior head injury. GAF 40. Duratin [sic] 12 months to lifelong. Meets listing [sic] 12-02, 12-06.

(AR 1044).

Although plaintiff argues this opinion constitutes probative evidence which the ALJ was required to discuss, the Court finds otherwise. The ALJ need not discuss each piece of evidence in the record. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Instead, "she must explain why 'significant probative evidence has been rejected.'" *Id*. (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). *See also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative").

While Dr. Deutsch, a non-examining consultant, opined that plaintiff met the listing requirements for 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02, 12.06, his comment provides no explanation or analysis whatsoever for this conclusion. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Furthermore, under 20 C.F.R. §§ 404.1527(d) and 416.927(d), certain issues such as whether an impairment meets or equals the requirements of a listed impairment are not medical opinions, but, rather, administrative case-dispositive findings reserved to the Commissioner, and the source of the opinion is entitled to no special significance.

Nor does the Court find error in the ALJ's failure to discuss Dr. Deutsch's assessment of a GAF score of 40. Plaintiff cites a reference to GAF scores in a superseded edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM), Fourth Edition, DSM-IV, but the most recent version of the DSM does not include a GAF rating for assessment of mental disorders. DSM-V 16-17 (5th ed. 2013). Furthermore, in Administrative Message 13066

REPORT AND RECOMMENDATION
PAGE -7

("AM-13066"), issued January 2014, the SSA noted:

> [A] GAF needs supporting evidence to be given much weight. By itself, the GAF cannot be used to "raise" or "lower" someone's level of function. The GAF is only a snapshot opinion about the level of functioning. It is one opinion that we consider with all the evidence about a person's functioning. Unless the clinician clearly explains the reasons behind his or her GAF rating, and the period to which the rating applies, it does not provide a reliable longitudinal picture of the claimant's mental functioning for a disability analysis.

*Id.*

As with his opinion regarding the listing of impairments, Dr. Deutsch's opinion regarding plaintiff's GAF score is conclusory and lacking in any support or explanation. Plaintiff fails to establish harmful error in the ALJ's failure to mention Dr. Deutsch's May 19, 2010 comments.

## **CONCLUSION**

For the reasons set forth above, this matter should be AFFIRMED.

DATED this 14th day of February, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -8